Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
VIKTORYIA POLANCO, individually and on behalf of all others similarly situated,

                                Plaintiff,

     -against-

YORK FOOD CORP. d/b/a FALUCKA, LE SOUK INC., and MARCUS ANDREWS, SAMIR JACOB, and LAMIA FUNTI, as individuals,

                              Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **VIKTORYIA POLANCO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **VIKTORYIA POLANCO, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **YORK FOOD CORP. d/b/a FALUCKA, LE SOUK INC., and MARCUS ANDREWS, SAMIR JACOB, and LAMIA FUNTI, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff VIKTORYIA POLANCO residing at 74-18 Rockaway Boulevard, Woodhaven, New York 11421, was employed from in or around November 2009 until in or around June 2018 by Defendants at YORK FOOD CORP. d/b/a FALUCKA, located at 162 Bleecker Street, New York, NY 10012, from in or around November 2009 until in or around June 2018, while concurrently working at LE SOUK INC., located at 510 LaGuardia Place, New York, NY 10012, for the years of 2013 and 2014.

9. Upon information and belief, Defendant, YORK FOOD CORP. d/b/a FALUCKA is a corporation organized under the laws of New York with a principal executive office formerly located at 162 Bleecker Street, New York, New York 10012.

10. Upon information and belief, Defendant, YORK FOOD CORP. d/b/a FALUCKA is a corporation authorized to do business under the laws of New York.

11. Defendant MARCUS ANDREWS owns and operates YORK FOOD CORP. d/b/a FALUCKA.

12. Defendant MARCUS ANDREWS manages YORK FOOD CORP. d/b/a FALUCKA.

13. Defendant MARCUS ANDREWS would regularly be present at YORK FOOD CORP. d/b/a FALUCKA to check and review business operations.
14. Defendant MARCUS ANDREWS would instruct employees of YORK FOOD CORP. d/b/a FALUCKA, including the Plaintiff, what tasks to complete during the work day.
15. Upon information and belief, Defendant MARCUS ANDREWS is an agent of YORK FOOD CORP. d/b/a FALUCKA.
16. Defendant MARCUS ANDREWS has power over personnel decisions at YORK FOOD CORP. d/b/a FALUCKA.
17. Defendant MARCUS ANDREWS has power over payroll decisions at YORK FOOD CORP. d/b/a FALUCKA.
18. Defendant MARCUS ANDREWS would distribute pay to employees of YORK FOOD CORP. d/b/a FALUCKA, including the Plaintiff.
19. Defendant MARCUS ANDREWS has the power to hire and fire employees at YORK FOOD CORP. d/b/a FALUCKA, establish and pay their wages, set their work schedule, and maintains their employment records.
20. Defendant SAMIR JACOB owns and operates YORK FOOD CORP. d/b/a FALUCKA.
21. Defendant SAMIR JACOB manages YORK FOOD CORP. d/b/a FALUCKA.
22. Defendant SAMIR JACOB would regularly be present at YORK FOOD CORP. d/b/a FALUCKA to check and review business operations.
23. Defendant SAMIR JACOB would instruct employees of YORK FOOD CORP. d/b/a FALUCKA, including the Plaintiff, what tasks to complete during the work day.
24. Upon information and belief, Defendant SAMIR JACOB is an agent of YORK FOOD CORP. d/b/a FALUCKA.
25. Defendant SAMIR JACOB has power over personnel decisions at YORK FOOD CORP. d/b/a FALUCKA.
26. Defendant SAMIR JACOB has power over payroll decisions at YORK FOOD CORP. d/b/a FALUCKA.
27. Defendant SAMIR JACOB would distribute pay to employees of YORK FOOD CORP. d/b/a FALUCKA, including the Plaintiff.

28. Defendant SAMIR JACOB has the power to hire and fire employees at YORK FOOD CORP. d/b/a FALUCKA, establish and pay their wages, set their work schedule, and maintains their employment records.
29. Upon information and belief, Defendant, LE SOUK INC., is a corporation organized under the laws of New York with a principal executive office at 510 LaGuardia Place, New York, New York 10012.
30. Upon information and belief, Defendant, LE SOUK INC. is a corporation authorized to do business under the laws of New York.
31. Defendant MARCUS ANDREWS owns and operates LE SOUK INC.
32. Defendant MARCUS ANDREWS manages LE SOUK INC.
33. Defendant MARCUS ANDREWS would regularly be present at LE SOUK INC. to check and review business operations.
34. Defendant MARCUS ANDREWS would instruct employees of LE SOUK INC., including the Plaintiff, what tasks to complete during the work day.
35. Upon information and belief, Defendant MARCUS ANDREWS is an agent of LE SOUK INC.
36. Defendant MARCUS ANDREWS has power over personnel decisions at LE SOUK INC.
37. Defendant MARCUS ANDREWS has power over payroll decisions at LE SOUK INC.
38. Defendant MARCUS ANDREWS would distribute pay to employees of LE SOUK INC., including the Plaintiff.
39. Defendant MARCUS ANDREWS has the power to hire and fire employees at LE SOUK INC., establish and pay their wages, set their work schedule, and maintains their employment records.
40. Defendant SAMIR JACOB owns and operates LE SOUK INC.
41. Defendant SAMIR JACOB manages LE SOUK INC.
42. Defendant SAMIR JACOB would regularly be present at LE SOUK INC. to check and review business operations.
43. Defendant SAMIR JACOB would instruct employees of LE SOUK INC., including the Plaintiff, what tasks to complete during the work day.

44. Upon information and belief, Defendant SAMIR JACOB is an agent of LE SOUK INC.
45. Defendant SAMIR JACOB has power over personnel decisions at LE SOUK INC.
46. Defendant SAMIR JACOB has power over payroll decisions at LE SOUK INC.
47. Defendant SAMIR JACOB would distribute pay to employees of LE SOUK INC., including the Plaintiff.
48. Defendant SAMIR JACOB has the power to hire and fire employees at LE SOUK INC., establish and pay their wages, set their work schedule, and maintains their employment records.
49. Defendant LAMIA FUNTI managed LE SOUK INC. during Plaintiff's employment by Defendants.
50. Defendant LAMIA FUNTI was responsible for the scheduling of employees at LE SOUK INC., including the Plaintiff.
51. Upon information and belief, Defendant LAMIA FUNTI is an agent of LE SOUK INC.
52. Defendant LAMIA FUNTI has power over personnel decisions at LE SOUK INC.
53. Defendant LAMIA FUNTI was responsible for hiring employees of LE SOUK INC.
54. Upon information and belief, Defendant LAMIA FUNTI has power over payroll decisions at LE SOUK INC.
55. Defendant LAMIA FUNTI has the power to hire and fire employees, including Plaintiff, at LE SOUK INC., establish and pay their wages, set their work schedule, and maintains their employment records.
56. During all relevant times herein, Defendant MARCUS ANDREWS was Plaintiff's employer within the meaning of the FLSA and NYLL.
57. During all relevant times herein, Defendant SAMIR JACOB was Plaintiff's employer within the meaning of the FLSA and NYLL.
58. During all relevant times herein, Defendant LAMIA FUNTI was Plaintiff's employer within the meaning of the FLSA and NYLL.
59. Upon information and belief, YORK FOOD CORP. d/b/a FALUCKA is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i)

has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

60. Upon information and belief, LE SOUK INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

61. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

62. At all times relevant to this action, Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiff.

63. Upon information and belief, Defendants YORK FOOD CORP. d/b/a FALUCKA and LE SOUK INC. shared common management, as both are operated by individual Defendants MARCUS ANDREWS and SAMIR JACOB.

64. Upon information and belief, Defendants YORK FOOD CORP. d/b/a FALUCKA and LE SOUK INC. shared common ownership, as both are owned by individual Defendants MARCUS ANDREWS and SAMIR JACOB.

65. Upon information and belief, Defendants YORK FOOD CORP. d/b/a FALUCKA and LE SOUK INC. functioned as a single integrated enterprise.

## FACTUAL ALLEGATIONS

66. Plaintiff VIKTORYIA POLANCO was employed from in or around November 2009 until in or around June 2018 by Defendants.

67. Plaintiff VIKTORYIA POLANCO worked at YORK FOOD CORP. d/b/a FALUCKA, located at 162 Bleecker Street, New York, NY 10012, from in or around November 2009 until in or around June 2018, while concurrently working at LE SOUK

INC., located at 510 LaGuardia Place, New York, NY 10012, for the years of 2013 and 2014.

68. During Plaintiff VIKTORYIA POLANCO'S employment by Defendants, Plaintiff's primary duties were as a bartender and waitress, while performing other miscellaneous duties from in or around November 2009 until in or around June 2018.

69. Plaintiff worked approximately fifty-five to sixty-six (55 to 66) hours or more per week during her employment by Defendants from in or around September 2013 until in or around June 2018.

70. During Plaintiff VIKTORYIA POLANCO's employment by Defendants, Plaintiff would only receive tips as compensation for her hours worked, and was not paid a weekly, daily, or hourly rate for her hours worked.

71. Defendants told Plaintiff VIKTORYIA POLANCO that she would only be receiving tips during her employment by Defendants, and would not be compensated according to a weekly, daily, or hourly rate of pay.

72. As such, Plaintiff was not compensated for any of her hours worked from in or around November 2009 until in or around June 2018.

73. Defendants were not entitled to take a tip credit as to Plaintiff VIKTORYIA POLANCO, as Defendants did not maintain proper tip records or ensured that Plaintiff would receive a certain amount in tips each shift.

74. As such, Defendants failed to pay Plaintiff VIKTORYIA POLANCO the legally prescribed minimum wage for her hours worked from in or around 2013 until in or around June 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

75. Additionally, although Plaintiff VIKTORYIA POLANCO worked approximately fifty-five to sixty-six (55 to 66) hours or more per week during her employment by Defendants from in or around September 2013 until in or around June 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

76. Furthermore, Plaintiff VIKTORYIA POLANCO worked approximately eleven (11) or more hours per day, five (5) or six (6) days a week from in or around September 2013 until in or around June 2018, Defendants did not pay Plaintiff an extra hour at the

7

legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

77. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

78. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

79. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

80. Plaintiff brings this action on behalf of herself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

81. Collective Class: All persons who are or have been employed by the Defendants as waitresses, bartenders, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

82. Upon information and belief, Defendants employed between 20 to 30 employees within the past three years subjected to similar payment structures.

83. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation or proper minimum wage compensation.

84. Defendants' unlawful conduct has been widespread, repeated, and consistent.

85. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay and proper minimum wage compensation.
86. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
87. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
88. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
89. The claims of Plaintiff are typical of the claims of the putative class.
90. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.
91. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
93. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
94. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
95. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of

29 U.S.C. §§206(a) and 207(a).

96. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

97. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

98. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

99. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

101. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

102. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

103. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
104. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
105. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
106. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
107. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
108. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
109. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.
110. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

111. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
112. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of NYLL §§2 and 651.
113. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

114. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

115. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

116. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to her unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

117. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

119. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

120. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

121. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

122. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

123. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

124. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an amount equal to her unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

### SEVENTH CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor Law**

125. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

126. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4.

127. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

### EIGTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

128. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

129. Defendants failed to provide Plaintiff with a written notice, in English, of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

130. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

131. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

132. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

133. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiff unpaid overtime wages;
   c. Awarding Plaintiff unpaid minimum wages;
   d. Awarding Plaintiff unpaid wages;
   e. Awarding Plaintiff unpaid spread of hours compensation;
   f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   g. Awarding Plaintiff prejudgment and post-judgment interest;
   h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
   i. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 23rd day of September 2019.

*[signature]*

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

VIKTORYIA POLANCO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

YORK FOOD CORP. D/B/A FALUCKA, LE SOUK INC., and MARCUS ANDREWS, SAMIR JACOB, and LAMIA FUNTI, as individuals,

Defendants.

---

## SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

**YORK FOOD CORP. D/B/A FALUCKA**
**45-41 AVENUE B**
**NEW YORK, NEW YORK 10009**

**LE SOUK INC.**
**510 LAGUARDIA PLACE**
**NEW YORK, NEW YORK 10012**

**MARCUS ANDREWS**
**510 LAGUARDIA PLACE**
**NEW YORK, NEW YORK 10012**

**45-41 AVENUE B**
**NEW YORK, NEW YORK 10009**

**SAMIR JACOB**
**510 LAGUARDIA PLACE**
**NEW YORK, NEW YORK 10012**

**45-41 AVENUE B**
**NEW YORK, NEW YORK 10009**

**LAMIA FUNTI**
**510 LAGUARDIA PLACE**
**NEW YORK, NEW YORK 10012**