```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIKTORYIA POLANCO, et al.,

        Plaintiffs,

   -against-

YORK FOOD CORP., et al.,

        Defendants.

19-CV-8815 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed plaintiffs' letter-application dated March 25, 2021 (Joint Ltr.) (Dkt. No. 43), submitted on behalf of both plaintiffs and defendants, *id*. at 1, seeking approval of the parties' proposed Settlement Agreement and Release (Agreement) (Dkt. No. 43-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties reached agreement on the material terms of their settlement following a private mediation session. (*See* Dkt. No. 37.) The Agreement requires defendants York Food Corp., Le Souk, Inc., Marcus Andrews, Samir Jacob, and Lamia Funti, to pay a total of $95,000 to settle this action, in five installments, over approximately four months. Ag. ¶ 1. Of that sum, $36,000 will go to plaintiff Viktoryia Polanco and $26,457 will go to opt-in plaintiff Salgara Valeryevna Orasheva in settlement of their Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims, while $32,543 will go to plaintiffs' attorneys for their fees and costs. *Id*. ¶ 1 & Ex. A.

    The Agreement contains a bilateral release, whereby plaintiffs release defendants of and from all claims, known or unknown, "relating to their employment with Defendants," and defendants release plaintiffs from "any and all known claims," in both cases as of the effective date of the Agreement. Ag. ¶ 8. There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement. As security for the installment payments, defendant Marcus Andrews, on behalf of himself, York Food Corp., and Le Souk, Inc. has also

executed a Confession of Judgment (which is erroneously captioned in a different District) in the amount of $190,000 (double the total settlement consideration), less double the amount of any payments they have made pursuant to the Agreement. *Id*. ¶ 4 & Ex. B.

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. The proposed fee award is also reasonable. Plaintiff's attorneys will receive $1,315 in reimbursement for the filing fee and other out-of-pocket costs incurred in connection with this action (*see* Dkt. No. 43-3), and $31,228 (one-third of the net settlement amount) as a fee award, for a total of $32,543. Ag. Ex. A. The fee award is consistent with counsel's retainer agreements with their clients (*see* Dkt. No. 43-2), in line with substantial precedent in this District, *see*, *e.g.*, *Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"), and fair in light of the relatively substantial recovery that will go to both plaintiffs with respect to vigorously contested claims. *See* Joint Ltr. at 3.[1]

Accordingly, the proposed settlement is **APPROVED**. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. In accordance with ¶ 11 of the Agreement, the Court will retain jurisdiction for the limited purpose of enforcing the Agreement if necessary.

---

[1] The fee award represents roughly 140% of counsel's lodestar, which according to their time records is $22,425, calculated based on hourly rates ranging from $175 to $425. (*See* Dkt. No. 43-3.) In FLSA cases, when awarding fees based on hours worked, "courts in this district will often approve lodestar multipliers between two and four times." *Souffrant v. 14-15 Mertens Place Corp.*, 2020 WL 1166231, at *2 (S.D.N.Y. Mar. 11, 2020) (quoting *Montalvo v. Flywheel Sports, Inc.*, 2018 WL 7825362, at *6 (S.D.N.Y. July 27, 2018)); *see also Pinguil v. We are all Frank, Inc.*, 2018 WL 2538218, at *5 (S.D.N.Y. May 21, 2018) (collecting cases).

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
April 7, 2021

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**